UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W SHORT,
    Plaintiff,

vs.                                              Case No.: 3:24cv516/LAC/ZCB

KELVIN C WELLS,
    Defendant.
                         /

## **REPORT AND RECOMMENDATION**

Plaintiff Steven W. Short, a pretrial detainee proceeding *pro se* and seeking to proceed *in forma pauperis*, has filed a "Notice of Action," which the clerk docketed as a complaint under 42 U.S.C. § 1983. (Docs. 1, 2). Upon review of Plaintiff's "Notice," it is recommended this case be dismissed as frivolous.

Plaintiff is currently detained at the Walton County Jail facing two charges of possession of a weapon or ammunition by a convicted felon. *State of Florida v. Short*, Walton Cnty. Circuit Court Case No. 24 CF 206.[1] In the "Notice of Action," Plaintiff names one Defendant, Kelvin C.

---

[1] According to the state electronic docket, https://waltonclerk.com/courtrecords, the court appointed an expert to evaluate Plaintiff's competency to stand trial. It is unclear whether an evaluation has been conducted or a competency determination made.

1

Wells. (Doc. 1). Although Plaintiff suggests Defendant Wells is the "owner of [Walton County Jail]," based on Walton County court records, Defendant Wells is the judge assigned to Plaintiff's pending criminal case. Plaintiff's "Description of Action," in its entirety (and without correction) is as follows:

> Demanded Relief in the amount of $13,000,000.00 do to the action of being a K2 Dealer and trying to have me take K2 into the prison system for your unforgiven Prison Gang unknowly to me placing my life in Danger unkowly to me with the intentions of your unforgiven to attach me for your K2 legal mail Encrypted Envelope was Provided as ProoF where encryption is Decoded in the Blue inner of Envelope of Kelvin Wells/K2/UF

(Doc. 1 at 2). Plaintiff wrote additional, nonsensical accusations against Judge Wells on the cover of his envelope containing the "Notice of Action." (*Id.* at 3).

This action should be dismissed as frivolous. *See* 28 U.S.C. § 1915A (permitting early screening of prisoner complaints seeking redress from a governmental entity or officer or employee of a governmental entity). A frivolous action is one lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). District courts have "broad discretion in determining whether to dismiss an action as frivolous . . . ."

*Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). Plaintiff's allegations that Judge Wells is a K2 dealer, attempted to get Plaintiff to take K2 into the prison, and sent him encrypted messages on the inside of a mail envelope[2] are the type of fantastical allegations that warrant dismissal. *See, e.g.*, *Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-14053, 2024 WL 4249655, at *2 (11th Cir. Sept. 20, 2024) ("Frivolous claims include describing fantastic or delusional scenarios." (cleaned up)). Because Plaintiff's action is frivolous, he cannot cure this frivolity by amendment of his "complaint." Providing Plaintiff an opportunity to amend, therefore, would be futile. *See, e.g.*, *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

Moreover, it appears Plaintiff's interactions with Judge Wells are limited to his state court case. This means Judge Wells is likely immune from being sued for damages because Plaintiff only interacted with Judge Wells in his judicial capacity. *See Higdon v. Tusan*, 746 F. App'x 805,

---

[2] Plaintiff attached the inside of the envelope he claims contains the encrypted message. (Doc. 1 at 4). It is clear the envelope contains no encrypted message.

810 (11th Cir. 2018) ("A judge is entitled to absolute judicial immunity from damages for actions taken while acting in [the judge's] judicial capacity, unless [the judge] acted in the clear absence of all jurisdiction." (cleaned up)); *see also* 28 U.S.C. § 1915A(b)(2) (authorizing dismissal of prisoner complaints that seek monetary relief from a defendant who is immune from such relief).[3]

This Court has repeatedly told Plaintiff he cannot initiate a civil action by filing a "Notice of Action." *See Short v. Alldredge, et al.*, No. 3:24cv403/LAC/HTC (N.D. Fla. Sept. 4, 2024) (Doc. 4); *Short v. Alldredge*, No. 3:24cv502/AW/HTC (N.D. Fla. Oct. 17, 2024) (Doc. 5); *Short v. McCormick*, No. 3:24cv505/LAC/HTC (N.D. Fla. Oct. 18, 2024) (Doc. 5); *Short v. Holiway*, No. 3:24cv506/MCT/ZCB (N.D. Fla. Oct. 17, 2024) (Doc. 4); *Short v. Freeman*, No. 3:24cv508/MW/ZCB (N.D. Fla. Oct. 17, 2024) (Doc. 4); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); N.D. Fla. Loc. R. 5.7(A) ("The Court need not—and ordinarily will not—consider a petition, motion, or complaint

---

[3] This is Plaintiff's second attempt at suing Judge Wells. There is a pending Report and Recommendation recommending dismissal of Plaintiff's complaint as frivolous in Plaintiff's previous case attempting to sue Judge Wells. *Short v. Wells*, No. 3:24cv503/LAC/HTC (N.D. Fla. Oct. 21, 2024) (Doc. 4).

that is not filed on the proper form."). Nevertheless, Plaintiff attempted to initiate this action by filing a "Notice."

Plaintiff's failure to comply with the Federal Rules of Civil Procedure, the Local Rules for this District, and court orders has wasted valuable judicial resources. Indeed, Plaintiff has repeatedly filed frivolous suits or failed to utilize the proper Court-approved forms despite being ordered to do so. A search of Plaintiff's name on CM/ECF shows at least eleven cases initiated by Plaintiff this year in this District. Of those eleven cases, one has been dismissed because it was not initiated with a legally sufficient complaint filed by an attorney,[4] five have pending report and recommendations recommending dismissal of Plaintiff's case as frivolous, and the remaining are waiting for an amended complaint or a motion to proceed *in forma pauperis* (IFP) on the proper forms.[5] Plaintiff may face sanctions if he continues to file frivolous suits.

---

[4] Plaintiff attempted to file several "Notices of Action" on behalf of others, even though he is not a lawyer. *See Allen v. Adkinson*, No. 3:24cv454/TKW (N.D. Fla.); *LaFountain v. Adkinson*, No. 3:24cv449/LAC (N.D. Fla.); *O'Neil v. Adkinson*, No. 3:24cv448/TKW (N.D. Fla.).

[5] *Short v. Alldredge*, No. 3:24cv403/LAC/HTC (R&R pending); *Allen v. Adkinson*, No. 3:24cv454/TKW/ZCB (closed because complaint legally insufficient); *Short v. Adkinson*, No. 3:24cv465/MW/ZCB (ordered to file

5

Accordingly, it is hereby **RECOMMENDED** that:

1. This case be **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

2. All pending motions be **DENIED**.[6]

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 29th day of October 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  An objecting party must

---

amended complaint and IFP motion); *Short v. Alldredge*, No. 3:24cv502/AW/HTC (R&R pending); *Short v. Wells*, No. 3:24cv503/LAC/HTC (R&R pending); *Short v. Adkinson*, No. 3:24cv504/MW/ZCB (ordered to file amended complaint and IFP motion); *Short v. McCormick*, No. 3:24cv505/LAC/HTC (R&R pending); *Short v. Holiway*, No. 3:24cv506/MCR/ZCB (ordered to file amended complaint and IFP motion); *Short v. Nelson*, No. 3:24cv507/TKW/HTC (R&R pending); *Short v. Freeman*, No. 3:24cv508/MW/ZCB (ordered to file amended complaint and IFP motion).

[6] The motion to proceed *in forma pauperis* should be denied because it is incomplete and, as set forth herein, this action is frivolous. *See Belcher v. Wilson*, No. 510cv211, 2010 WL 3237822, at *1 (N.D. Fla. Aug. 16, 2010) ("An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous.") (cleaned up).

serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.